MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

APOLONIO ESPINDOLA and RUFINA
GALINDO, *individually and on behalf of others
similarly situated,*

|  |  |
|---|---|
| *Plaintiffs*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| MADISON GLOBAL LLC (D/B/A NELLO), NELLO I. BALAN, THOMAS MAKKOS, GEORGE MAKKOS, and PASKO NICAJ, | **ECF Case** |
| *Defendants.* | |

------------------------------------------------------X

Plaintiffs Apolonio Espindola and Rufina Galindo, individually and on behalf of others

similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace &

Associates, P.C., upon their knowledge and belief, and as against Madison Global LLC (d/b/a

Nello), ("Defendant Corporation"), Nello I. Balan, Thomas Makkos,  George Makkos, and  Pasko

Nicaj, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiffs are former employees of Defendants Madison Global LLC (d/b/a Nello),

Nello I. Balan, Thomas Makkos, George Makkos, and Pasko Nicaj.

2.      Defendants own, operate, or control an Italian restaurant, located at 696 Madison

Avenue, New York, NY 10065 under the name "Nello".

3.      Upon information and belief, individual Defendants Nello I. Balan, Thomas Makkos, George Makkos, and Pasko Nicaj, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were employees of Defendants.

5.      Plaintiffs were employed as a dishwasher and pasta cook and dessert preparer at the restaurant located at 696 Madison Avenue, New York, NY 10065.

6.      At all times relevant to this Complaint, Plaintiff Espindola worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Espindola appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Espindola the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiff Espindola wages on a timely basis.

10.     Defendants' conduct extended beyond Plaintiff Espindola to all other similarly situated employees.

11.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espindola and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.     Plaintiff Espindola now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs state law claims under 28 U.S.C. § 1367(a).

15.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian Restaurant located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiff*

16.     Plaintiff Apolonio Espindola ("Plaintiff Espindola" or "Mr. Espindola") is an adult individual residing in New York County, New York.

17.     Plaintiff Espindola was employed by Defendants at Nello from approximately April 2015 until on or about April 1, 2018.

18.     Plaintiff Rufina Galindo ("Plaintiff Galindo" or "Ms. Galindo") is an adult individual residing in New York County, New York.

19.     Plaintiff Galindo was employed by Defendants at Nello from approximately December 2017 until on or about April 1, 2018.

*Defendants*

20.     At all relevant times, Defendants own, operate, or control an Italian Restaurant, located at 696 Madison Avenue, New York, NY 10065 under the name "Nello".

21.     Upon information and belief, Madison Global LLC (d/b/a Nello) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 696 Madison Avenue, New York, NY 10065.

22.     Defendant Nello I. Balan is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Nello I. Balan is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Nello I. Balan possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Thomas Makkos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Thomas Makkos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Thomas Makkos possesses operational control over Defendant Corporation, an ownership interest

in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant George Makkos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Makkos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant George Makkos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Pasko Nicaj is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pasko Nicaj is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Pasko Nicaj possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate an Italian restaurant located in the Upper East Side section of Manhattan in New York City.

27.     Individual Defendants, Nello I. Balan, Thomas Makkos, George Makkos, and Pasko Nicaj, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiffs (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendants Nello I. Balan, Thomas Makkos, George Makkos, and Pasko Nicaj operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiffs employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs services.

34.     In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.     Plaintiffs were former employees of Defendants who were employed as a dishwasher and a pasta cook and a dessert preparer.

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Apolonio Espindola*

38.     Plaintiff Espindola was employed by Defendants from approximately April 2015 until on or about April 1, 2018.

39.     Defendants employed Plaintiff Espindola as a dishwasher and a pasta cook.

40.     Plaintiff Espindola regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

41.     Plaintiff Espindola's work duties required neither discretion nor independent judgment.

42.     Throughout his employment with Defendants, Plaintiff Espindola regularly worked in excess of 40 hours per week.

43.     From approximately April 2015 until on or about April 1, 2017, Plaintiff Espindola worked as a dishwasher and a pasta cook from approximately 7:00 a.m. until on or about 7:00 p.m., 4 days a week, and from approximately 7:00 a.m. until on or about 9:00 p.m. to 10:00 p.m., 2 days a week, (typically 76 to 78 hours per week).

44.     From approximately April 2017 until on or about April 1, 2018, Plaintiff Espindola worked as a dishwasher and a pasta cook from approximately 12:00 a.m. until on or about 9:30 a.m. or 10:00 a.m., 5 days a week, and from approximately 12:00 a.m. until on or about 11:00 a.m., 2 days a week (typically 69.5 to 72 hours per week).

45.     Throughout his employment, Defendants paid Plaintiff Espindola his wages in cash.

46.     From approximately April 2015 until on or about July 2015, Defendants paid Plaintiff Espindola a fixed salary of $450 per week.

47.     From approximately July 2015 until on or about September 2015, Defendants paid Plaintiff Espindola a fixed salary of $500 per week.

48.     From approximately September 2015 until on or about December 2017, Defendants paid Plaintiff Espindola a fixed salary of $550 per week.

49.     From approximately January 2018 until on or about April 1, 2018, Defendants paid Plaintiff Espindola a fixed salary of $600 per week.

50.     For approximately 6 weeks, Defendants did not pay Plaintiff Espindola any wages for his work.

51.     Plaintiff Espindola's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.     For example, Defendants required Plaintiff Espindola to work an additional 2 or 3 hours past his scheduled departure time two or three days a week, and did not pay him for the additional time he worked.

53.     Defendants never granted Plaintiff Espindola any breaks or meal periods of any kind.

54.     Plaintiff Espindola was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Espindola regarding overtime and wages under the FLSA and NYLL.

56.     Defendants did not provide Plaintiff Espindola an accurate statement of wages, as required by NYLL 195(3).

57.     Defendants did not give any notice to Plaintiff Espindola, in English and in Mixtec (Plaintiff Espindola's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     Defendants required Plaintiff Espindola to purchase "tools of the trade" with his own funds—including 15 pairs of shoes, 20 shirts, and 20 pants.

*Plaintiff Rufina Galindo*

59.     Plaintiff Galindo was employed by Defendants from approximately December 2017 until on or about April 1, 2018.

60.     Defendants employed Plaintiff Galindo as a dessert preparer.

61.     Plaintiff Galindo regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

62.     Plaintiff Galindo's work duties required neither discretion nor independent judgment.

63.     Defendants never granted Plaintiff Galindo any breaks or meal periods of any kind.

64.     Plaintiff Galindo was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

65.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Galindo regarding overtime and wages under the FLSA and NYLL.

66.     Defendants did not provide Plaintiff Galindo an accurate statement of wages, as required by NYLL 195(3).

67.     Defendants did not give any notice to Plaintiff Galindo, in English and in Mixtec (Plaintiff Galindo's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

68.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Espindola (and all similarly situated employees) to work in excess of 40 hours

a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

69.     Plaintiff Espindola was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

70.     Defendants' pay practices resulted in Plaintiff Espindola not receiving payment for all his hours worked, and resulting in Plaintiff Espindola's effective rate of pay falling below the required minimum wage rate.

71.     Defendants habitually required Plaintiff Espindola to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

72.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

73.     Plaintiffs were paid their wages in cash.

74.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

75.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Espindola (and similarly situated individuals) worked, and to avoid paying Plaintiff Espindola properly for his full hours worked.

76.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

77.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Espindola and other similarly situated former workers.

78.     Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

79.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

80.     Plaintiff Espindola brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

81.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per work week under the FLSA, and willfully failing to keep records required by the FLSA.

82.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

83.     Plaintiff Espindola repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff Espindola's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Espindola (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

85.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

86.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.     Defendants failed to pay Plaintiff Espindola (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.      Defendants' failure to pay Plaintiff Espindola (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.      Plaintiff Espindola (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

90.      Plaintiff Espindola repeats and realleges all paragraphs above as though fully set forth herein.

91.      Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Espindola (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

92.      Defendants' failure to pay Plaintiff Espindola (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

93.      Plaintiff Espindola (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

94.      Plaintiff Espindola repeats and realleges all paragraphs above as though fully set forth herein.

95.      At all times relevant to this action, Defendants were Plaintiff Espindola's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Espindola, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

96.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Espindola less than the minimum wage.

97.     Defendants' failure to pay Plaintiff Espindola the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

98.     Plaintiff Espindola was damaged in an amount to be determined at trial.

<b><u>FOURTH CAUSE OF ACTION</u></b>

<b>VIOLATION OF THE OVERTIME PROVISIONS</b>

<b>OF THE NEW YORK STATE LABOR LAW</b>

99.     Plaintiff Espindola repeats and realleges all paragraphs above as though fully set forth herein.

100.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Espindola  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

101.    Defendants' failure to pay Plaintiff Espindola overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

102.    Plaintiff Espindola was damaged in an amount to be determined at trial.

<b><u>FIFTH CAUSE OF ACTION</u></b>

<b>VIOLATION OF THE SPREAD OF HOURS WAGE ORDER</b>

<b>OF THE NEW YORK COMMISSIONER OF LABOR</b>

103.    Plaintiff Espindola repeats and realleges all paragraphs above as though fully set forth herein.

104.    Defendants failed to pay Plaintiff Espindola one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Espindola's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

105.    Defendants' failure to pay Plaintiff Espindola an additional hour's pay for each day Plaintiff Espindola's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

106.    Plaintiff Espindola was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

107.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.    Defendants failed to provide Plaintiffs with a written notice, in English and in Mixtec (Plaintiff Espindola and Plaintiff Galindo's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

109.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

110.      Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.      With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

112.      Defendants are liable to each Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

113.      Plaintiff Espindola repeats and realleges all paragraphs above as though fully set forth herein.

114.      Defendants required Plaintiff Espindola to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

115.      Plaintiff Espindola was damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

116.    Plaintiff Espindola repeats and realleges all paragraphs above as though set forth fully herein.

117.    Defendants did not pay Plaintiff Espindola on a regular weekly basis, in violation of NYLL §191.

118.    Defendants are liable to Plaintiff Espindola in an amount to be determined at trial.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espindola and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espindola and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiff Espindola and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiff Espindola and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espindola;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espindola;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Espindola;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Espindola;

(l)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs compensation, hours, wages and any deductions or credits taken against wages;

(m)      Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs;

(n)      Awarding Plaintiff Espindola damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)      Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)      Awarding Plaintiff Espindola liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)      Awarding Plaintiff Espindola and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
        April 18, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Apolonio Espindola

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       9 de Abril 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Rufina Galindo

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                          09 de abril de 2018

*Certified as a minority-owned business in the State of New York*