USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6/6/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

APOLONIO ESPINDOLA and RUFINA GALINDO, *on behalf of themselves and others similarly situated*,

Plaintiffs,

v.

MADISON GLOBAL LLC, *d/b/a* NELLO, NELLO I. BALAN, THOMAS MAKKOS, GEORGE MAKKOS, and PASKO NICAJ,

Defendants.

---

No. 18-CV-3420 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs Apolonio Espindola and Rufina Galindo commenced this action against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a settlement agreement. *See* Ltr. Motion Settlement Approval ("Ltr. Mot.") (Dkt. 52); Settlement Agreement and Release ("Agreement") (Dkt. 52-1). Although most aspects of the Agreement are acceptable to the Court, the parties' request for approval of the Agreement is denied without prejudice to renew in accordance with this Memorandum Opinion.

Under the proposed Agreement, Defendants agree to pay Plaintiffs twelve monthly installments of $6,250 for a total settlement amount of $75,000. *See* Settlement Agreement ¶ 1. The total settlement amount exclusive of attorney's fees and costs—$49,982—constitutes over 24% of Plaintiffs' maximum possible recovery in this case. *See* Ltr. Mot. at 2. Based on the parties' representations, this amount is fair "in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp.

3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The Court also approves of the requested award of attorney's fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this district. *Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018). Here, Plaintiff's counsel will receive $25,018, which amounts to 33% of the total settlement amount, exclusive of costs. Ltr. Mot. at 2. *See also Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement net of costs."). The Court thus approves the proposed attorney's fees under the percentage of the fund method, as well as Plaintiff's request for reasonable costs totaling $400 for filing the complaint. *See Rosales v. Gerasimos Enterprises Inc.*, No. 16-CV-2278 (RA), 2018 WL 286105, at *3 (S.D.N.Y. Jan. 3, 2018).

Plaintiffs' release of claims is also reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Plaintiff's release of claims is tailored to those "relating to the claims, transactions and occurrences raised in this Litigation"—which the Court construes

as relating to wage-and-hour claims, specifically—"that have occurred as of the Effective Date of this Agreement." Settlement Agreement ¶ 2. The Court therefore approves the release provision in the Agreement.

The Court will not approve the Agreement in its entirety, however, because it does not specify that Plaintiffs will receive their allocated share of $49,982; rather, it provides that the Settlement Amount will "be paid to Plaintiffs' attorneys in Twelve ("12") installments," by way of monthly post-dated checks, and that "[d]etermination of the Plaintiffs' share, counsel fees, and costs, is the responsibility sole of the Plaintiffs and their counsel." Settlement Agreement ¶ 1. Accordingly, the parties are ordered to confirm that allocation in the Agreement itself. *See Pacheco v. Shree Laxmi Restaurant Inc.*, No. 17-CV-3165(RA), 2018 WL 6618439, at *1 (S.D.N.Y. Dec. 17, 2018).

## CONCLUSION

For the foregoing reasons, the Court does not approve the parties' Agreement. The parties may proceed as follows no later than June 11, 2019:

1. The parties may file a revised Agreement that specifies what amount of the total settlement amount will be allocated to Plaintiff by Plaintiff's counsel;

2. The parties may file a joint letter indicating their intent to abandon the Agreement and continue pursuing this litigation; or

3

3. The parties may stipulate to a dismissal of this action without prejudice, as the Second Circuit has not expressly held that such settlement agreements require court approval. See *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201 n.2.

SO ORDERED.

Dated: June 6, 2019
New York, New York

_____
Ronnie Abrams
United States District Judge